RHODE ISLAND, The (NAUGATUCK TRANSPORTATION CO. v.). See Case No. 11,745.

## Case No. 11,746.

### In re RHODES.

### In re SMITH.

[6 West. Jur. 123; 19 Pittsb. Leg. J. 99; 3 Pittsb. Rep. 340.]

Circuit Court, W. D. Pennsylvania. 1872.

BANKRUPTCY—REAL ESTATE—SALE FREE OF LIENS.

The district court of the United States, in bankruptcy, has power to order the sale, free from incumbrances, of a bankrupt's real estate, which is at the time bound by the lien of judgments and other incumbrances under state laws.

[In review of the action of the district court of the United States for the Western district of Pennsylvania.]

[These were proceedings in the matter of Charles Rhodes and Anthony Smith, bankrupts.]

Weir & Gibson, for plaintiffs.

—— & Bryant and Thompson & Clark, contra.

PER CURIAM. Has the district court, in bankruptcy, power to order the sale, free from incumbrances, of a bankrupt's real estate, which is at the time bound by the lien of judgments and other incumbrances, under state laws? This is the only "question" which these bills are brought to review, the district court having refused the orders prayed for, solely on the ground that it had no power to make them. It must now have an affirmative answer. The power is given by the 1st section of the bankrupt act, by which the jurisdiction of the court is extended "to the ascertainment and liquidation of the liens and other specific claims" in the bankrupt's assets "to the adjustment of the priorities and conflicting interests of all parties," and "to the marshalling and disposition of the different funds and assets, so as to secure the rights of all parties, and due distribution of the assets among all the creditors." Under the bankrupt act of 1841 [5 Stat. 440], less comprehensive and explicit provisions were held by the supreme court to confer this power. Ex parte Christy, 3 How. [44 U. S.] 292, and Houston v. City Bank, 6 How. [47 U. S.] 468. And in numerous cases, under the present law, the possession of such power by the bankrupt court is maintained. See cases referred to in Bump, Bankr. 323, note c, and also Markson v. Heaney [Case No. 9,098]. The denial of the order prayed for in both cases must be reversed, and the cases remanded to the district court to the end, that upon a proper application and notice thereof to the lien creditors, such order may be made in the premises as shall appear to it to be most conducive to the interest of all the creditors.